Filed 2/12/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 27

State of North Dakota, Plaintiff and Appellee

v.

Steve Michael Beylund, Defendant and Appellant

No. 20140105

Appeal from the District Court of Bowman County, Southwest Judicial District, the Honorable Dann Edward Greenwood, Judge.

AFFIRMED.

Per Curiam.

James D. Gion, P.O. Box 101, Regent, N.D. 58650-0101, for plaintiff and appellee.

Thomas F. Murtha IV, P.O. Box 1111, Dickinson, N.D. 58602-1111, for defendant and appellant.

State v. Beylund

No. 20140105

Per Curiam.

[¶1] Steve Michael Beylund appeals from an order denying his motion to suppress evidence after conditionally pleading guilty to driving under the influence of alcohol and reserving his right to appeal the district court’s order.  Beylund argues the stop of his vehicle was unlawful, his consent to a blood test was coerced, and the implied consent laws are unconstitutional.  We conclude the district court’s decision that the officer’s approach to Beylund’s vehicle was valid under the community caretaker doctrine is supported by sufficient competent evidence.  Beylund’s argument that he was coerced by the implied consent advisory into taking the blood test was rejected in 
State v. Smith
, 2014 ND 152, 849 
N.W.2d
 599, and 
McCoy v. North Dakota Dep’t of Transp.
, 2014 ND 119, 848 
N.W.2d
 659.  Beylund’s arguments that the implied consent laws violate the Fourth Amendment and N.D. Const. art. I, § 8, and the unconstitutional conditions doctrine have been rejected in 
State v. Birchfield
, 2015 ND 6, and 
Beylund v. Levi
, 2015 ND 18, respectively.  We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶2] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom