2016 ND 185

STATE of North Dakota, Plaintiff and Appellee

v.

Steve Michael BEYLUND, Defendant and Appellant.

No. 20140105.

Supreme Court of North Dakota.

Sept. 15, 2016.

Bowman County State's Attorney's Office, 104 First Street Northwest, Suite 10, Bowman, N.D. 58623, for plaintiff and appellee.

Thomas F. Murtha IV, P.O. Box 111, Dickinson, N.D. 58602–1111, for defendant and appellant.

PER CURIAM.

[¶ 1] Steve Michael Beylund was arrested for driving under the influence and consented to a warrantless blood test incident to his arrest. The district court denied his motion to suppress the results of the warrantless blood test and he conditionally pled guilty under N.D.R.Crim.P. 11(a)(2) to driving under the influence, reserving his right to appeal the court's order denying his motion to suppress.

[¶ 2] In *State v. Beylund,* 2015 ND 27, ¶ 1, 861 N.W.2d 172, we summarily affirmed Beylund's conviction, concluding his arguments that our implied consent laws violated the Fourth Amendment and N.D. Const. art. I, § 8, had been rejected in *State v. Birchfield,* 2015 ND 6, 858 N.W.2d 302.

[¶ 3] In *Birchfield v. North Dakota,* —— U.S. ——, 136 S.Ct. 2160, 2184–85, 195 L.Ed.2d 560 (2016), the United States Supreme Court held the Fourth Amendment permits warrantless breath tests incident to a lawful arrest for drunk driving, but absent another exception to the warrant requirement, does not permit warrantless blood tests incident to a lawful arrest for drunk driving. The United States Supreme Court concluded that in Birchfield's prosecution for refusing a warrantless blood test incident to his arrest, the refused blood test was not justified as a search incident to his arrest and reversed his conviction because he was threatened with an unlawful search. *Id.* at 2186. In a companion case involving consent to a warrantless blood test in an administrative license suspension proceeding, the United States Supreme Court remanded to this Court for further proceedings to determine the voluntariness of the consent under the totality of the circumstances given the partial inaccuracy of a law enforcement officer's advisory of the driver's obligation to undergo chemical testing. *Id.*

[¶ 4] The United States Supreme Court granted Beylund's petition for writ of certiorari and remanded to this Court for consideration in light of *Birchfield v. North Dakota,* —— U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). We vacate our opinion affirming Beylund's conviction to the extent it is inconsistent with *Birchfield v. North Dakota.* We remand to the district court with directions to allow Beylund to withdraw his guilty plea and for further proceedings under *Birchfield v. North Dakota.*

[¶ 5] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS, AND LISA FAIR McEVERS, JJ., concur.